IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JULIE L. JORDAN, et al.,

        **Plaintiffs,**

v.

RANDALL L. SKAGGS, et al.,

        **Defendants.**

          **Case No. 2:12-cv-0901**
          **JUDGE GREGORY L. FROST**
          **Magistrate Judge Norah McCann King**

## OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss Plaintiffs' Complaint (ECF No. 8), Plaintiffs' combined opposition to Defendants' motion and motion to stay in lieu of dismissal (ECF No. 11), Defendants' combined reply memorandum in support of their motion to dismiss and opposition to Plaintiffs' motion for stay (ECF No. 12), and Plaintiffs' reply memorandum in support of their motion to stay (ECF No. 13).  For the reasons set forth below, the Court finds Defendants' motion well taken.  This cause is **DISMISSED WITHOUT PREJUDICE**.

### I.      Background

Plaintiffs' lawsuit arises out of an incident that occurred on August 5, 2011, following a concert at Columbus Crew Stadium in Columbus, Ohio.  Plaintiffs allege that they were involved in a confrontation with an intoxicated man who punched Plaintiff Julie Jordan without provocation.  (Compl. ¶ 13, ECF No. 1 at PAGEID# 4.)  Plaintiff Jeremy Tomlinson, Julie's son, confronted his mother's attacker.  (*Id.* at ¶ 14.)  Defendants were among several Ohio State Highway Patrol troopers who defused the incident and ordered the individuals involved to disperse.  (*Id.* at ¶ 15.)

According to the Complaint, Defendants followed Plaintiffs as they walked to their car in the Crew Stadium parking lot.  Plaintiffs allege that Defendant Trooper Dwayne H. Shephard assaulted Plaintiff Tomlinson with a taser and that four officers (including Defendants Shephard and Trooper Daniel J. Edelbrock) jumped on top of Tomlinson after he fell to the ground.  (*Id.* at ¶ 16, PAGEID# 5.)  When Plaintiff Jordan moved toward her son, Defendant Trooper Ryan R. Stanley allegedly grabbed her by the shoulders and "violently threw her to the ground."  (*Id.* at ¶ 17.)  While Jordan was on the ground, Defendant Sergeant Randall L. Skaggs arrived at the scene and allegedly touched her in a "sexually suggestive" manner before paramedics arrived.  (*Id.* at ¶¶ 21-24, PAGEID# 6.)  The Complaint also alleges that Sergeant Skaggs continued to touch Jordan inappropriately even after paramedics informed him that Jordan refused treatment and could be released.  (*Id.* at ¶ 24.)  Meanwhile, Tomlinson was handcuffed and placed in a police cruiser while the alleged assault on his mother took place.  (*Id.* at ¶ 19.)

Based on the above described incident, Plaintiffs sued Defendants in the Court of Claims of Ohio.  The Court of Claims complaint is similar in substance to the Complaint filed in this Court, and also alleges that Defendants are not entitled to civil immunity.  (ECF No. 8-1, at ¶¶ 28-32, PAGEID# 36-37.)  Plaintiffs filed their action in the Court of Claims on August 2, 2012, approximately two months before filing their federal lawsuit in this Court.

Defendants move to dismiss this case under the waiver provision set forth in Ohio Rev. Code § 2743.02(A)(1).  That statute provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee" of the state.  Ohio Rev. Code § 2743.02(A)(1).  More than 25 years ago, the Sixth Circuit Court of Appeals deemed this statutory waiver to apply to both state and federal claims, even if brought in federal court.  *Leaman v. Ohio Dep't of*

*Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987) (en banc).   And even though the same statute provides that this waiver may be voided, such can only be accomplished if the Court of Claims "determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."  Ohio Rev. Code § 2743.02(A)(1).

## II.    Discussion

Defendants move to dismiss this action under Fed. R. Civ. P. "12(b)(1) and/or 12(b)(6)." (ECF No. 8, PAGEID# 24.)  Defendants' motion does not, however, elaborate on how Fed. R. Civ. P. 12(b)(1)—lack of subject-matter jurisdiction—is implicated here.  The Court will therefore confine its analysis to Rule 12(b)(6) and whether Plaintiffs' Complaint fails to state a claim upon which relief can be granted.  *See Wee Care Child Ctr., Inc. v. Lumpkin*, No. 2:09-cv-1059, 2010 U.S. Dist. LEXIS 89259, at *5 and n.1 (S.D. Ohio Aug. 30, 2010), *aff'd*, 680 F.3d 841 (6th Cir. 2012).

In order to survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is an appropriate means of disposing of a complaint that is barred by the waiver provision in Ohio Rev. Code § 2743.02(A)(1).  *See Wrinn v. Johnson*, 315 F. App'x 560, 562-63 (6th Cir. 2009) (affirming a Rule 12(b)(6) dismissal of plaintiff's complaint on Ohio Rev. Code § 2743.02(A)(1) waiver grounds).

The Sixth Circuit has repeatedly held that a plaintiff waives all claims the plaintiff may have against state officers, *including federal claims*, when the plaintiff brings suit in the Ohio Court of Claims based upon the same acts or omissions alleged in the federal complaint.  *See, e.g., Wee Care Child Ctr. v. Lumpkin*, 680 F.3d 841, 847 (6th Cir. 2012); *Plinton v. County of Summit*, 540 F.3d 459, 463 (6th Cir. 2008); *Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir. 1995); *Leaman*, 825 F.2d at 952-53.  In this case, the acts and omissions alleged in the federal complaint are identical to those alleged in the complaint that Plaintiffs filed in the Ohio Court of Claims.  Accordingly, the rule of *Leaman* and its progeny dictates that Plaintiffs have not stated a valid claim upon which relief can be granted.

Admittedly, the waiver set forth in Ohio Rev. Code § 2743.02(A)(1) is "void" if the Court of Claims "determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."  And Plaintiffs' Complaint in the Court of Claims alleges as much in pleading reasons why Defendants are not entitled to the statutory immunity granted to state officers and employees.  (ECF No. 8-1, PAGEID# 36-37.)  *See* Ohio Rev. Code § 9.86 (conferring immunity upon a state employee or officer, "unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner").  But the determination of whether a state officer or employee acted in a manner that would void the Ohio Rev. Code § 2743.02(A)(1) waiver is exclusively for the Ohio Court of Claims to make.  *See* Ohio Rev. Code § 2743.02(F).  Until the Court of Claims determines that any of the Defendants acted manifestly outside the scope of his employment, with malicious purpose, in bad faith, and/or in a wanton or reckless manner,

Plaintiffs cannot state a valid claim for relief in this Court based upon the same acts alleged in the Court of Claims lawsuit.

Plaintiffs contend that this Court should not dismiss this case, but should instead stay this action pending the Court of Claims' ruling on immunity.  (ECF No. 11.)  Plaintiffs argue that the Ohio Supreme Court has not definitively determined whether the waiver in Ohio Rev. Code § 2743.02(A)(1) applies to federal claims.  Because of this supposed lack of clarity in the law governing the scope of the waiver in Ohio Rev. Code § 2743.02(A)(1), Plaintiffs say that a stay is more appropriate than dismissal.  Plaintiffs also cite to state court cases that stand for the proposition that the preferred practice is to stay proceedings in the state trial court pending the Court of Claims' determination of whether the state employee or officer defendant is entitled to immunity.

The Court is not persuaded by Plaintiffs' argument for a stay in lieu of dismissal.  The dismissal occasioned by this Court's application of Ohio Rev. Code 2743.02(A)(1) is a dismissal without prejudice to refiling the federal action if the Court of Claims determines that one or more Defendants acted manifestly outside the scope of his employment, with malicious purpose, in bad faith, or in a wanton or reckless manner.  *See Brown v. Mason*, No. 2:10-cv-783, 2012 U.S. Dist. LEXIS 98698, at *6 (S.D. Ohio July 16, 2012).  Dismissing this case without prejudice should have no effect on Plaintiffs' ability to refile the case in this Court should the Ohio Court of Claims rule that Defendants are not entitled to statutory immunity.  *Id.*  Moreover, the Sixth Circuit has upheld dismissals based on the rule of *Leaman* and its progeny when the Court of Claims has yet to rule on the state defendants' entitlement to immunity.  *See, e.g., Wee Care Child Ctr.*, 688 F.3d at 847.  The Court therefore sees no reason why it should stay this action for an indeterminate period in lieu of dismissing it without prejudice.

### III.    Conclusion

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 8) and **DENIES** Plaintiffs' motion to stay in lieu of dismissal (ECF No. 12).  This action is **DISMISSED WITHOUT PREJUDICE** to its refiling in the event that the Ohio Court of Claims determines that the waiver of claims set forth in Ohio Rev. Code § 2743.02(A)(2) is void.

**IT IS SO ORDERED**.

  /s/ Gregory L. Frost              
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

6